Thomas Adams *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 7—529.]

**Testimony of an Accomplice in Crime.**
     In the trial of one charged with larceny where an accomplice testifies on the trial in behalf of the Commonwealth, it is the duty of the court to instruct the jury as to the weight and consideration to be given to his testimony under the Criminal Code, 1876, § 241.

**Conviction on Testimony of an Accomplice.**
     A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

APPEAL FROM MONROE CIRCUIT COURT.

January 14, 1886.

Opinion by Judge Lewis:

The appellant, Adams, was indicted for larceny jointly with York and Brown. The principal testimony against appellant, and without which he could not have been convicted, was given by Brown, as to whom the indictment was dismissed before he was introduced

as a witness. Criminal Code, 1876, § 241, provides that a conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereupon. As heretofore held by this court it is the duty of the court where an accomplice testifies on the trial in behalf of the commonwealth to instruct the jury as to the weight and consideration to be given to his evidence, as in the section mentioned. There is copied in this case such an instruction, but it does not appear to have been submitted to the jury. On the contrary it is stated in the bill of exceptions that the instructions therein copied, the one in question not being one of them, were all that were given. For the omission to give such instruction the judgment must be *reversed* and caused remanded for a new trial.

*Alvin Duvall, W. H. Botts, for appellant.*

*P. W. Hardin, for appellee.*